**Abdi Jama SHAIB, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–70833.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

Karen Alicia Davis, Attorney at Law, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James A. Hunolt, Esq., M. Jocelyn Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immi-

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

gration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Abdi Jama Shaib, a native and citizen of Somalia, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal from Ethiopia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see Ali v. Ashcroft, 394 F.3d 780, 784 (9th Cir.2005), and we grant the petition for review, and remand.

The IJ granted Shaib withholding of removal from Somalia, based on his membership in the Midgan Clan. The IJ denied Shaib asylum because he had firmly resettled in Ethiopia, and denied him withholding of removal from Ethiopia. The IJ neglected, however, to designate a country for removal. The BIA affirmed the IJ's denial of asylum based on Shaib's firm resettlement in Ethiopia and the IJ's denial of withholding from Ethiopia, and remanded for the IJ to designate a country for removal.

■ We have jurisdiction to review the BIA's order affirming the denial of asylum and withholding of removal from Ethiopia, despite the remand to the IJ for designation of a country for removal. See Castrejon–Garcia v. INS, 60 F.3d 1359, 1361 (9th Cir.1995) (exercising jurisdiction over BIA

order reversing IJ's grant of suspension of deportation, despite BIA's remand to IJ to consider issue of voluntary departure).

■ Substantial evidence does not support the BIA's determination that Shaib was firmly resettled in Ethiopia because Shaib credibly testified that he did not receive an offer of permanent residence in Ethiopia. See Ali, 394 F.3d at 789–90 (holding no firm resettlement where Somalian petitioner credibly testified that she was not offered permanent residence, or its equivalent, in Ethiopia).

Accordingly, we conclude that Shaib is eligible for asylum and remand for the Attorney General to exercise his discretion whether to grant asylum. See id. at 791.

**PETITION FOR REVIEW GRANTED; REMANDED.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

